# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1629V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JUDE GAYDOS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed:  March 11, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Mallori B. Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On November 19, 2020, Jude Gaydos filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petition (ECF No. 1) at 1. Petitioner alleges that receipt of an influenza ("flu") vaccine on November 22, 2017, caused a left-sided shoulder injury related to vaccine administration ("SIRVA"). *Id.* The matter was originally assigned to the "special processing unit" ("SPU").

On October 11, 2022, Respondent filed his Rule 4(c) Report recommending that entitlement to compensation be denied. *See* Report, dated Oct. 11, 2022 (ECF No. 31). I later issued a Findings of Fact and Conclusions of Law dismissing the SIRVA Table claim (ECF No. 39) on September 10, 2024. I subsequently transferred the matter to my non-SPU docket, to allow

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner the opportunity to pursue an off-Table SIRVA claim. *See* Notice of Reassignment, dated Sept. 10, 2024 (ECF No. 40). I specifically ordered Petitioner to file an expert report in support of the causation-in-fact claim on or before January 17, 2025 (Docket Entry dated October 15, 2024), extending that date a month upon Petitioner's request.

Petitioner has now filed a status report requesting that the claim be dismissed. *See generally*, Status Report, filed Feb. 14, 2025 (ECF No. 44). Petitioner maintains that based on the Findings of Fact, he "cannot meet an essential element of his SIRVA claim," and therefore is seeking dismissal "so that Petitioner can either evaluate an appeal or pursue a civil action." ECF No. 44 at 1.

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. Under such circumstances, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). But Petitioner has affirmatively represented that he cannot meet the relevant evidentiary standards, and has not offered an expert report to support his claim (a step I deemed critical to substantiating entitlement in this case).

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

    **IT IS SO ORDERD**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.