# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1629V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JUDE GAYDOS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 15, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Mallori B. Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 19, 2020, Jude Gaydos filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that an influenza vaccine on November 22, 2017, caused a left-sided shoulder injury related to vaccine administration ("SIRVA"). *Id.*

The matter was originally assigned to the special processing unit (the "SPU"), because it alleged a SIRVA Table claim. I issued a Findings of Fact and Conclusions of Law Dismissing that version of the claim on September 10, 2024, because Table onset could not be established. *See* Findings, dated Sept. 10, 2024 (ECF No. 39). But I transferred the case out of SPU in order to

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

allow Petitioner the opportunity to prove a causation-in-fact claim on the basis of the same general facts.

Petitioner was subsequently provided an opportunity to obtain an expert to support the claim. However, in February 2025 he instead requested that the claim be dismissed. Status Report, dated Feb. 14, 2025 (ECF No. 44). A decision dismissing the petition was issued on March 11, 2025. *See* Decision, dated Mar. 11, 2025 (ECF No. 45).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 26, 2025 (ECF No. 51) ("Final Fees Mot."). This is Petitioner's sole fees and costs requests. Petitioner requests $46,037.84 in attorney's fees and costs ($44,273.35 in attorney's fees, plus $1,764.59 in costs) for the work of his attorneys, David J. Carney, Adam M. Green, Evan R. Baker, and a law clerk and paralegal at Green & Schafle LLC. Final Fees Mot. at 1–2. Respondent reacted to the fees request on April 8, 2025. *See* Response, dated Apr. 8, 2025 (ECF No. 52) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$46,037.84**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020)

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

(citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Because Petitioner opted to terminate his claim, it was literally "unsuccessful"—and therefore fees are only appropriate if the matter had reasonable basis. But I find there was more than a sufficient objective basis for the claim to entitle him to a fees and costs award. Petitioner's medical history established not only that he received the vaccine at issue, but also that he experienced a variety of symptoms that could arguably have been vaccine-related. And prior to the dismissal, I had allowed Petitioner the opportunity to obtain expert support for his claim, based on these same objective facts supporting the matter. Accordingly (and in light of the extremely lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. There is also no reason otherwise to deny a fees award.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| **David Carney (Attorney)** | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 | $450.00 | $475.00 |
| **Adam M. Green (Attorney)** | -- | $400.00 | $400.00 | $425.00 | $425.00 | $425.00 | $425.00 |
| **Evan R. Baker (Attorney)** | -- | -- | -- | -- | $200.00 | -- | -- |
| **Evan R. Baker (Law Clerk)** | -- | -- | $150.00 | $157.50 | $165.00 | -- | -- |
| **Law Clerk** | -- | -- | -- | $157.50 | $157.50 | $157.50 | $157.50 |
| **Paralegal** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 | $175.00 | $185.00 |

Final Fees Mot. at 2–3, 14–32.

The attorneys at Green & Schafle practice in Philadelphia, PA—a jurisdiction that has also been considered "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The specific hourly rates (including newly request 2025 rates) for the attorneys in question, plus their paralegals and law clerks, are consistent with what has previously been

4

awarded, in accordance with the Office of Special Masters' fee schedule.[5] *See Grant v. Sec'y of Health & Hum. Servs.*, No. 20-1262V, 2024 WL 3176349 (Fed. Cl. Spec. Mstr. May 28, 2024). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I will therefore award all fees requested without adjustment.

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioner must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the bases for a particular cost, special master have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of health & Hum. Servs.*, No. 99-480V, 2005 WL 61225220, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,764.59 in outstanding costs, including the filing fee and medical record retrieval costs. Final Fees Mot. at 34–57. Such costs are typical in Program cases, and are reasonably awarded herein.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees and costs award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$46,037.84**, reflecting $44,273.25 in attorney's fees and $1,764.59 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 15, 2025).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.